**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V, THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION, | |
| *Plaintiffs*, | Civil Action No. _____ |
| | JURY TRIAL DEMANDED |
| v. | |
| CURTIS INTERNATIONAL LTD., | |
| *Defendant*. | |

<u>**COMPLAINT**</u>

Plaintiffs Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha) ("Mitsubishi"), Koninklijke Philips N.V. ("Philips"), Thomson Licensing ("Thomson"), GE Technology Development, Inc. ("GE"), Panasonic Corporation ("Panasonic"), and Sony Corporation ("Sony"), by their undersigned attorneys, for their complaint against defendant Curtis International Ltd. ("Curtis"), hereby allege as follows:

**PARTIES**

1.      Plaintiff Mitsubishi is a Japanese corporation, having its principal place of business in Tokyo, Japan.

2.      Plaintiff Philips is a Netherlands corporation, having its principal place of business in Amsterdam, The Netherlands.

3.      Plaintiff Thomson is a French corporation, having its principal place of business in Issy-les-Moulineaux, France.

4.      Plaintiff GE is a Delaware corporation, having its principal place of business in Albany, New York.

5.      Plaintiff Panasonic is a Japanese corporation, having its principal place of business in Osaka, Japan.

6.      Plaintiff Sony is a Japanese corporation, having its principal place of business in Tokyo, Japan.

7.      Defendant Curtis, upon information and belief, is a corporation organized under the laws of Canada with its principal place of business located in Toronto, Ontario, Canada.

### JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, Title 35, § 1, et seq.

9.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

11.     The Court has personal jurisdiction over Curtis because Curtis, among other things, conducts business in, and avails itself of the laws of, the State of Florida.  Curtis is registered to do business in Florida.  In addition, upon information and belief, Curtis through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular

distribution channels, knowing such products would be used, offered for sale and/or sold in this District.

## PATENTS-IN-SUIT

12.     United States Patent No. 7,376,184, entitled "High-Efficiency Encoder and Video Information Recording/Reproducing Apparatus" (hereinafter, "the '184 patent") was duly and legally issued on May 20, 2008.  A copy of the '184 patent is attached hereto as Exhibit 1.

13.     United States Patent No. 6,097,759, entitled "Image Signal Coding System" (hereinafter, "the '759 patent") was duly and legally issued on August 1, 2000.  A copy of the '759 patent is attached hereto as Exhibit 2.

14.     United States Patent No. 5,606,539, entitled "Method and Apparatus for Encoding and Decoding an Audio and/or Video Signal, and a Record Carrier for Use with Such Apparatus" (hereinafter, "the '539 patent") was duly and legally issued on February 25, 1997.  A copy of the '539 patent is attached hereto as Exhibit 3.

15.     United States Patent No. 5,459,789, entitled "Packet TV Program Component Detector" (hereinafter, "the '789 patent") was duly and legally issued on October 17, 1995.  A copy of the '789 patent is attached hereto as Exhibit 4.

16.     United States Patent No. 5,491,516, entitled "Field Elimination Apparatus for a Video Compression/Decompression System" (hereinafter, "the '516 patent") was duly and legally issued on February 13, 1996.  A copy of the '516 patent is attached hereto as Exhibit 5.

17.     United States Patent No. 5,784,107, entitled "Method and Apparatus for Picture Coding and Method and Apparatus for Picture Decoding" (hereinafter, "the '107 patent") was duly and legally issued on July 21, 1998.  A copy of the '107 patent is attached hereto as Exhibit 6.

18.     United States Patent No. 5,481,553, entitled "Methods and Apparatus for Preventing Rounding Errors When Transform Coefficients Representing a Motion Picture Signal Are Inversely Transformed" (hereinafter, "the '553 patent") was duly and legally issued on January 2, 1996. A copy of the '553 patent is attached hereto as Exhibit 7.

### THE MPEG-2 STANDARD

19.     In the 1990s, the Moving Pictures Expert Group ("MPEG") (a working group formed by the International Organization for Standardization (ISO) and International Electrotechnical Commission (IEC)) developed the "MPEG-2 Standard."   The MPEG-2 Standard defines, among other things, a technology for compressing digital video signals (for example, moving picture signals in movies or television) so that the amount of information needed to represent the digital video signals is reduced.  This enables a dramatic reduction in the storage space or transmission capacity needed to store or transmit the digital video signals yet still allows a faithful, high quality presentation of such video signals.

20.     Thus, the MPEG-2 Standard facilitates, among other things, the storage, playing, transmission and reproduction of digital terrestrial broadcast television, digital cable television, full-length films on DVD discs, and digital satellite television broadcasts in the United States.

21.     The Federal Communications Commission ("FCC") also has adopted certain standards as the required standards for transmitting and receiving terrestrial broadcast digital television ("DTV") in the United States.   FCC rules require broadcasters to broadcast DTV signals in compliance with those standards, and require DTV receivers (such as television sets) to be equipped with tuners for receiving, decoding and presenting such DTV signals in compliance with those standards.  The standards also require that DTV signals contain video

encoded in compliance with the MPEG-2 Standard, which is the only type of video that can be transmitted in a terrestrially broadcast DTV signal in the United States.

### CURTIS'S INFRINGEMENT

22.     Each of the patents-in-suit is infringed by practice of the MPEG-2 Standard.

23.     Curtis makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies in this District and elsewhere in the United States, numerous products which comply with the MPEG-2 Standard ("Curtis's MPEG-2 Products").

24.     Curtis advertises that its MPEG-2 Products, including its television sets, comply with the standards mandated by the FCC which in turn require compliance with the MPEG-2 Standard.

25.     Upon information and belief, Curtis's MPEG-2 Products include (but are not limited to) the following television set model numbers:  LCD4299A, LCD1992A, LCD1105A, LCD3227A, LCDVD152, LCDVD152AC, LCDVD151A, LCDVD193A, LCDVD322A, LCDVD326A, LCDVD2471A, LCDVD2675A, LED4250A, LEDVD1339A, PLC3708A, PLCD2401A, PLCDV3213A, PLCD3283, PLCD3903A, PLCD3992A, PLCD4692A, PLDED3257A, PLDED3273A, PLDED3996A, PLED1526A, PLED2243A, PLED2694A, PLED3204A, PLED4274A, PLEDV1945A, PLEDV1948A, PLEDV2213A, SDVD7047, and RT700.  Without discovery from Curtis, Plaintiffs are not able to ascertain at the pleading stage all Curtis products with MPEG-2 functionality.

26.     Curtis has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, products, including but not limited to Curtis's MPEG-2

Products, that are covered by claims of, perform the methods claimed in, and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

27.     Upon information and belief, Curtis has also sold and provided and continues to sell and provide its MPEG-2 Products, directly and/or indirectly, to third parties, including but not limited to customers, users, distributors, and/or resellers (such as retailers) (collectively, "downstream parties").

28.     Upon information and belief, the downstream parties directly infringe one or more claims of the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, products, including but not limited to Curtis's MPEG-2 Products, that are covered by claims of, perform the methods claimed in, and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

29.     MPEG LA is a company that offers a "one-stop-shop" license for a pool of patents for practicing the MPEG-2 Standard ("MPEG-2 pool license").  Mitsubishi, Philips, Thomson, GE, Panasonic, and Sony are licensors in the MPEG-2 pool license and the '184, '759, '539, '789, '516, '107, and '553 patents are licensed under the MPEG-2 pool license.  MPEG LA offers the MPEG-2 pool license on fair, reasonable and nondiscriminatory terms.

30.     Nearly 2,000 companies have taken the MPEG-2 pool license, including major consumer electronics sellers that compete with Curtis.

31.     In addition, Mitsubishi has committed to individually license the '184 and/or '759 patents, Philips has committed to individually license the '539 patent, Thomson has committed to individually license the '789 patent, GE has committed to individually license the '516 patent,

Panasonic has committed to individually license the '107 patent, and Sony has committed to individually license the '553 patent; each on fair, reasonable and nondiscriminatory terms.

32.     Thus, any company may obtain a license directly from Mitsubishi for the '184 and/or '759 patents, from Philips for the '539 patent, from Thomson for the '789 patent, from GE for the '516 patent, from Panasonic for the '107 patent, and from Sony for the '553 patent; or, alternatively, may obtain the MPEG-2 pool license from MPEG LA.

33.     MPEG LA offered the MPEG-2 pool license to Curtis on several occasions but Curtis has declined to take the license.

34.     Plaintiffs gave written notice to Curtis of its infringement.  For example, among other things, MPEG LA, on behalf of each Plaintiff, gave written notice to Curtis of its infringement.

35.     Curtis has also not entered into a license under any of the '184, '759, '539, '789, '516, '107, and '553 patents with any of Plaintiffs.

36.     In short, notwithstanding the fact that Curtis was and continues to be aware that its products infringed and are infringing the patents-in-suit, Curtis has refused to take a license.

37.     Infringement of the patents-in-suit by Curtis is, therefore, willful.

38.     For the same reasons, among others, Curtis has known that the acts by downstream parties of making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying Curtis's MPEG-2 Products, in this District and elsewhere in the United States, directly infringe the patents-in-suit.

39.     Further, upon information and belief, Curtis has specifically intended to induce, and has induced, downstream parties to infringe the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this

District and elsewhere in the United States, its MPEG-2 Products, knowing that the use of these products causes others to infringe Plaintiffs' patents-in-suit.  For example, Curtis has advertised, licensed, and/or provided instructions for such products with the specific intent and encouragement that the downstream parties infringe the patents-in-suit.  Also, upon information and belief, Curtis has provided downstream parties with instructions and/or user guides indicating that its products employ the MPEG-2 Standard.

40.     Curtis's infringing actions were and are without authority, consent or license.

41.     Plaintiffs have each suffered damages as a result of the direct and indirect infringing actions of Curtis, and will continue to suffer such damages as long as those infringing actions continue.

### COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 7,376,184

42.     The allegations contained in paragraphs 1-41 above are repeated and realleged as if fully set forth herein.

43.     Mitsubishi is the assignee and owner of the right, title, and interest in and to the '184 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

44.     Curtis is, and has been, on notice of the '184 patent since before this lawsuit was filed.

45.     Based on, among other things, the facts incorporated by reference in paragraph 42, and alleged in paragraphs 43-44, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '184 patent under 35 U.S.C. § 271.

46.     Upon information and belief, the infringement of the '184 patent by Curtis has been willful.

47.     Mitsubishi has been damaged and continues to be damaged by Curtis's infringement of the '184 patent.

### COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 6,097,759

48.     The allegations contained in paragraphs 1-41 above are repeated and realleged as if fully set forth herein.

49.     Mitsubishi is the assignee and owner of the right, title, and interest in and to the '759 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

50.     Curtis is, and has been, on notice of the '759 patent since before this lawsuit was filed.

51.     Based on, among other things, the facts incorporated by reference in paragraph 48, and alleged in paragraphs 49-50, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '759 patent under 35 U.S.C. § 271.

52.     Upon information and belief, the infringement of the '759 patent by Curtis has been willful.

53.     Mitsubishi has been damaged and continues to be damaged by Curtis's infringement of the '759 patent.

**COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 5,606,539**

54.    The allegations contained in paragraphs 1-41 above are repeated and realleged as if fully set forth herein.

55.    Philips is the assignee and owner of the right, title, and interest in and to the '539 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

56.    Curtis is, and has been, on notice of the '539 patent since before this lawsuit was filed.

57.    Based on, among other things, the facts incorporated by reference in paragraph 54, and alleged in paragraphs 55-56, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '539 patent under 35 U.S.C. § 271.

58.    Upon information and belief, the infringement of the '539 patent by Curtis has been willful.

59.    Philips has been damaged and continues to be damaged by Curtis's infringement of the '539 patent.

**COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 5,459,789**

60.    The allegations contained in paragraphs 1-41 above are repeated and realleged as if fully set forth herein.

61.    Thomson is the assignee and owner of the right, title, and interest in and to the '789 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for

infringement of it.

62.     Curtis is, and has been, on notice of the '789 patent since before this lawsuit was filed.

63.     Based on, among other things, the facts incorporated by reference in paragraph 60, and alleged in paragraphs 61-62, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '789 patent under 35 U.S.C. § 271.

64.     Upon information and belief, the infringement of the '789 patent by Curtis has been willful.

65.     Thomson has been damaged and continues to be damaged by Curtis's infringement of the '789 patent.

**COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 5,491,516**

66.     The allegations contained in paragraphs 1-41 above are repeated and realleged as if fully set forth herein.

67.     GE is the assignee and owner of the right, title, and interest in and to the '516 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

68.     Curtis is, and has been, on notice of the '516 patent since before this lawsuit was filed.

69.     Based on, among other things, the facts incorporated by reference in paragraph 66, and alleged in paragraphs 67-68, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '516

11

patent under 35 U.S.C. § 271.

70.    Upon information and belief, the infringement of the '516 patent by Curtis has been willful.

71.    GE has been damaged and continues to be damaged by Curtis's infringement of the '516 patent.

### COUNT VI:  INFRINGEMENT OF U.S. PATENT NO. 5,784,107

72.    The allegations contained in paragraphs 1-41 above are repeated and realleged as if fully set forth herein.

73.    Panasonic is the assignee and owner of the right, title, and interest in and to the '107 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

74.    Curtis is, and has been, on notice of the '107 patent since before this lawsuit was filed.

75.    Based on, among other things, the facts incorporated by reference in paragraph 72, and alleged in paragraphs 73-74, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '107 patent under 35 U.S.C. § 271.

76.    Upon information and belief, the infringement of the '107 patent by Curtis has been willful.

77.    Panasonic has been damaged and continues to be damaged by Curtis's infringement of the '107 patent.

## COUNT VII:  INFRINGEMENT OF U.S. PATENT NO. 5,481,553

78.    The allegations contained in paragraphs 1-41 above are repeated and realleged as if fully set forth herein.

79.    Sony is the assignee and owner of the right, title, and interest in and to the '553 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

80.    Curtis is, and has been, on notice of the '553 patent since before this lawsuit was filed.

81.    Based on, among other things, the facts incorporated by reference in paragraph 78, and alleged in paragraphs 79-80, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '553 patent under 35 U.S.C. § 271.

82.    Upon information and belief, the infringement of the '553 patent by Curtis has been willful.

83.    Sony has been damaged and continues to be damaged by Curtis's infringement of the '553 patent.

### EXCEPTIONAL CASE

84.    The allegations contained in paragraphs 1-83 above are repeated and realleged as if fully set forth herein.

85.    Based on, among other things, the facts alleged in paragraphs 1-83, including Curtis's intentional use of the MPEG-2 Standard, Curtis's knowledge of its infringement and its downstream parties' infringement, and Curtis's continued direct and/or indirect infringement,

this case is exceptional under 35 U.S.C. § 285, and Plaintiffs are entitled to their reasonable costs and expenses of litigation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment:

A.      Declaring that Curtis has infringed U.S. Patent Nos. 7,376,184, 6,097,759, 5,606,539, 5,459,789, 5,491,516, 5,784,107, and 5,481,553;

B.      Awarding Plaintiffs damages adequate to compensate for Curtis's infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with prejudgment and post-judgment interest on the damages awarded; all of these damages to be enhanced in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

C.      Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

D.      Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all claims and all issues properly triable thereby.

Dated:  July 31, 2013

Respectfully submitted,

PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, FL 33431
Telephone: (561) 241-7400
Facsimile:  (561) 241-7145

/s/ Payal Salsburg
Matthew Triggs
Florida Bar No. 0865745
mtriggs@proskauer.com
Payal Salsburg
Florida Bar No. 0057038
psalsburg@proskauer.com

14

PROSKAUER ROSE LLP
Steven M. Bauer*
Justin J. Daniels*
One International Place
Boston, MA 02110
(617) 526-9600

*pro hac admission to be sought*

*Attorneys for Plaintiffs*